UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Chad Papa | : | Case No.: |
|  | : |  |
| Plaintiff | : | **COMPLAINT** |
| v. | : |  |
|  | : |  |
| Unum Life Insurance Company Of America | : |  |
| Defendant | : |  |

Plaintiff, Chad Papa, for his Complaint against Defendant Unum Life Insurance Company of America ("UNUM") states as follows:

1. Mr. Papa is an individual who resides in Peabody, Massachusetts and who is or was a participant in a long term disability plan ("the Plan") issued to the Commonwealth of Massachusetts Group Insurance Commission.

2. The Plan is funded through a group long term disability insurance policy UNUM issued to Commonwealth of Massachusetts Group Insurance Commission (the "Policy"). Mr. Papa's employer, Marble Head Housing Authority, subscribed to the Commission and consequently obtained insurance on behalf of Mr. Papa.

3. UNUM was the administrator for all long term disability claims filed under the Policy.

4. UNUM is a foreign company and has its principal location of business in Portland, Maine.

5. UNUM acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations and payments made pursuant to the Policy.

6. Mr. Papa brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over UNUM because, per ERISA 502(e), UNUM undertook to insure an ERISA plan that affected participants in this District.

**Claim for Relief**

7. The Policy provides that UNUM will pay long term disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as follows:

> You are disabled when Unum determines that:
> - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of disability payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

9. Mr. Papa stopped working on February 25, 2019, due to a head injury sustained after falling while ice fishing in February 2019. As a result of this head injury, Mr. Papa's experienced post-concussion syndrome, causing him to have headaches, dizziness, light and sound sensitivity, and lightheadedness.

10. Mr. Papa was employed by the Marble Head Housing Authority as a groundskeeper. This position required extensive physical labor.

11. Mr. Papa became disabled under the policy on or about February 14, 2019.

12. Mr. Papa has qualified for long term disability under the Policy.

13. Mr. Papa submitted a claim for long term disability benefits to UNUM on May 29, 2019.

14. By letter dated August 1, 2019, UNUM approved Mr. Papa's claim for long-term disability benefits. Mr. Papa was approved for benefits beginning as of May 15, 2019.

15. After a review of Mr. Papa's claim file, UNUM, by letter dated January 8, 2020, informed Mr. Papa that his benefits were being terminated as of the date of the letter. Specifically, UNUM concluded that the information was not consistent with an impairment that would preclude Mr. Papa from performing is own occupation on a full-time basis.

16. Mr. Papa appealed this decision on July 6, 2020, through counsel.

17. By letter dated October 14, 2020, UNUM upheld its denial of Mr. Papa's long term disability benefits.

18. Mr. Papa exhausted his condition precedents under the Policy and Plan.

19. As a result of the foregoing, Mr. Papa has suffered a loss in the form of unpaid benefits.

20. Mr. Papa is entitled to a judgment against UNUM in the amount of the unpaid long term disability benefits under the Policy and Plan.

21. Mr. Papa is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Mr. Papa, requests the Court grant him the following relief from Defendant UNUM:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

      b.      An order reinstating his benefits and ordering that they be paid through coverage under the Plan and Policy.

      c.      His costs and attorney's fees; and

      d.      All other relief the Court may deem proper.

Dated: May 26, 2021

      /s/ Maureen McCrann Sturtevant  
Maureen McCrann Sturtevant  
LAMBERT COFFIN  
Me. Bar No. 4583  
Mass. Bar No. 676092  
Two Monument Square, Suite 400  
Portland, Maine 04101  
207.874.4000  
msturtevant@lambertcoffin.com